IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>vs.<br><br>JESSICA WEBSTER-VALENTINO, BARBARA FREEMONT, AMEN SHERIDAN, RODNEY MORRIS, DORAN MORRIS, JR., FORREST ALDRICH, MITCHELL PARKER, TILLIE ALDRICH, and JEFF MILLER,<br><br>            Defendants. | 8:16CR277<br><br>**FINDINGS AND RECOMMENDATION** |

This matter is before the Court on several motions to dismiss counts in the Indictment on multiplicity grounds filed by the Defendants: Filing No. 157 filed by Barbara Fremont ("Freemont") supported by a brief (Filing No. 158); Filing No. 163 filed by Doran Morris, Jr. ("Morris, Jr.") supported by a brief (Filing No. 164); Filing No. 168 filed by Amen Sheridan ("Sheridan") adopting Freemont's motion and brief; Filing No. 169 filed by Rodney Morris ("Morris") supported by a brief (Filing No. 170); Filing No. 175 filed by Mitchell Parker ("Parker") supported by a brief (Filing No. 176); Filing No. 179 filed by Jeff Miller ("Miller") supported by a brief (Filing No. 180); Filing No. 182 filed by Tillie Aldrich ("T. Aldrich") adopting Freemont's Motion (Filing No. 157); Filing No. 186 filed by Jessica Webster-Valentino ("Webster-Valentino") supported by a brief (Filing No. 187); and Filing No. 189 filed by Defendant Forrest Aldrich ("F. Aldrich").

The government filed a consolidated brief (Filing No. 197) in opposition to the above motions. The Court denied Defendants' request for an evidentiary hearing and oral argument, and the motions were deemed submitted.

## BACKGROUND

The background and facts alleged in the Indictment are set forth fully in the Findings and Recommendation on the Defendants' Motions to Dismiss for Lack of Subject Matter Jurisdiction (Filing No. 209).

Count I of the Indictment charges Webster-Valentino and Freemont with conspiracy to convert and misapply $5,000 or more from a program receiving federal funds in violation of 18 U.S.C. § 666(a)(1)(A) and § 371, and conspiracy to convert and misapply moneys of a health care benefit program in violation of 18 U.S.C. § 669 and § 371. The other seven defendants are charged in Count II with the same conspiracy as in Count I.

Counts III through XI charge each Defendant with one count of conversion and misapplication of federal program funds in violation of 18 U.S.C. § 666(a)(1)(A). Webster-Valentino and Freemont are additionally charged with aiding and abetting the misapplication and conversion for each other Defendant as described in Counts V through XI.

Counts XII through XX charge each Defendant with one count of misapplication of funds of a healthcare benefit program in violation of 18 U.S.C. § 669. Webster-Valentino and Freemont are additionally charged with aiding and abetting the misapplication and conversion of the healthcare funds for each other Defendant as described in Counts XIV through XX.

Webster-Valentino and Freemont move to dismiss the conspiracy charge against them (Count I) and either the charges for conversion and misapplication of federal program funds under § 666(a)(1)(A) (Counts III-XI) or the charges for misapplication of funds of a healthcare benefit program under § 669 (Counts XII-XX). Webster-Valentino separately requests that, at a minimum, all but one aiding and abetting charge for conversion and misapplication of federal program funds, and all but one aiding and abetting charge for misapplication of funds of a healthcare benefit program, should be dismissed as to her. Similarly, the other seven defendants also move to dismiss the conspiracy charge against them (Count II) and either the charges for conversion and misapplication of federal program funds or the charges for misapplication of funds of a healthcare benefit program. The defendants argue dismissal is necessary because the Counts are multiplicitous.

## RELEVANT STATUTES

Counts III through XI of the Indictment charge Defendants under 18 U.S.C. § 666, which provides, in relevant part:

> (a) Whoever, if the circumstance described in subsection (b) of this section exists--
> > (1) being an agent of an organization, or of a State, local, or Indian tribal government, or any agency thereof--

> (A) embezzles, steals, obtains by fraud, or otherwise without authority knowingly converts to the use of any person other than the rightful owner or intentionally misapplies, property that--
> > (i) is valued at $5,000 or more, and
> > (ii) is owned by, or is under the care, custody, or control of such organization, government, or agency; . . .
>
> shall be fined under this title, imprisoned not more than 10 years, or both.
>
> (b) The circumstance referred to in subsection (a) of this section is that the organization, government, or agency receives, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance.

18 U.S.C. § 666.

Defendants are charged in Counts XII through XX with one count of misapplication of funds of a healthcare benefit program in violation of 18 U.S.C. § 669, which provides, in relevant part:

> Whoever knowingly and willfully embezzles, steals, or otherwise without authority converts to the use of any person other than the rightful owner, or intentionally misapplies any of the moneys, funds, securities, premiums, credits, property, or other assets of a health care benefit program, shall be fined under this title or imprisoned not more than 10 years, or both[.]

18 U.S.C. § 669(a). "Health care benefit program" is defined as "any public or private plan or contract, affecting commerce, under which any medical benefit, item, or service is provided to any individual, and includes any individual or entity who is providing a medical benefit, item, or service for which payment may be made under the plan or contract." 18 U.S.C. § 669(b); 18 U.S.C. § 24.

Defendants are charged in Count I and Count II with conspiracy to violate the above two statute sections, pursuant to 18 U.S.C. § 371, which provides:

> If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.

18 U.S.C. § 371.

Finally, Webster-Valentino and Freemont are charged with aiding and abetting the other defendants in violating § 666(a)(1)(a) and § 669, pursuant to § 2(a), which provides: "Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal." 18 U.S.C. § 2(a).

## ANALYSIS

"An indictment is multiplicitous if it charges the same crime in separate counts." *United States v. Platter*, 514 F.3d 782, 785 (8th Cir. 2008)(citing *United States v. Chipps*, 410 F.3d 438, 447 (8th Cir. 2005)). A multiplicitous indictment is problematic because "the jury can convict the defendant on both counts, subjecting the defendant to two punishments for the same crime in violation of the double-jeopardy clause of the fifth amendment." *Chipps*, 410 F.3d at 447 (citing *United States v. Ansaldi*, 372 F.3d 118, 124 (2d Cir. 2004)).

The defendants argue that the factual circumstances underlying all the counts in the Indictment are the same, and thus the Indictment is multiplicitous. Specifically, the defendants argue that because the funds allegedly misappropriated were both health care funds under § 669, and federal program/tribal funds under § 666(a)(1)(A), the defendants cannot be charged with conversion and misapplication of those same funds under both statute sections, as well as conspiracy to violate those statutes.

"'[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.'" *United States v. Wilkinson*, 124 F.3d 971, 975 (8th Cir. 1997)(quoting *Blockburger v. United States*, 284 U.S. 299, 304 (1932)).[1] "The *Blockburger* test is met 'notwithstanding a substantial overlap in the proof offered to establish the crimes.'" *Wilkinson*, 124 F.3d at 975 (quoting *Iannelli v. United States*, 420 U.S. 770, 785 n. 17 (1975)). Under *Blockburger*, a court compares the elements of each charged offense to determine if each one requires proof of a fact that the other does not. If

---

[1] Although "the *Blockburger* rule is not controlling where there is clear indication of a contrary legislative intent," *United States v. Bass*, 794 F.2d 1305, 1308 (8th Cir.1986), Defendants do not argue that there is a clear indication of legislative intent for 18 U.S.C. § 669 to supersede or replace the use of existing statutes to prosecute health care fraud, including § 666. Moreover, at least one court has reviewed the legislative history of § 669 and concluded it is unclear whether Congress intended for § 669 to eliminate the use of other statutes, including § 666, in the same prosecution. See *United States v. Tartaglione*, 228 F. Supp. 3d 455, 459-60 (E.D. Pa. 2017). Therefore, the *Blockburger* test controls in this case.

4

so, the *Blockburger* test is satisfied, and the charged offenses are not multiplicitous. See *Blockburger*, 284 U.S. at 304.

In order to prove theft from a program receiving federal funds in violation of 18 U.S.C. § 666(a)(1)(A), the government must establish four elements: (1) the defendant was an agent of the organization or Indian tribal government; (2) during the dates alleged in the Indictment, the defendant embezzled, stole, obtained by fraud, converted to the use of another without authority, or intentionally misapplied, property of a value of $5,000 or more as part of a single scheme or plan; (3) the property was owned by or under the care/custody/control of the organization or Indian tribal government; and (4) the organization or Indian tribal government received benefits in excess of $10,000 in the one-year period pursuant to a federal program involving a grant, contract, subsidy, or some other form of federal assistance. See 18 U.S.C. § 666(a)-(b); see also Eighth Circuit Manual of Model Jury Instructions (Criminal) § 6.18.666A (Theft Concerning a Program Receiving Federal Funds) (2014).

In order to prove theft or embezzlement in connection with health care benefit program in violation of 18 U.S.C. § 669, the government must establish: (1) the defendant embezzled, stole, or otherwise without authority converted to the use of any person other than the rightful owner, or intentionally misapplied assets, moneys, property, or funds; (2) such assets, moneys, property, or funds belonged to a health care benefit program, as defined by 18 U.S.C. § 24(b); (3) the defendant acted knowingly and willfully; and (4) the value of such property exceeded $100. See 18 U.S.C. § 669; *United States v. Tartaglione*, 228 F. Supp. 3d 455, 460-61 (E.D. Pa. 2017). The government also must establish that the health care benefit program is (1) a public or private plan or contract under which any medical benefit, item, or service is provided to any individual, and (2) affects commerce. 18 U.S.C. § 24(b).

In order to prove the crime of conspiracy under 18 U.S.C. § 371, the government must establish four elements: (1) on or before the date alleged in the Indictment, two or more people reached an agreement to commit violations of 18 U.S.C. § 666(a)(1)(A) and/or 18 U.S.C. § 669; (2) the defendant voluntarily and intentionally joined in the agreement, either at the time it was first reached or at some later time while it was still in effect; (3) at the time the defendant joined in the agreement, the defendant knew the purpose of the agreement; and (4) while the agreement was in effect, a person or persons who had joined in the agreement knowingly did one or more

acts for the purpose of carrying out or carrying forward the agreement. See 18 U.S.C. § 371; Eighth Circuit Manual of Model Jury Instructions (Criminal) § 5.06A-I (Conspiracy) (2014).

Each of the above offenses requires the government to prove an element that the other does not. To convict the defendants of an offense under § 666(a)(1)(A), the government must prove that the defendants were agents of an Indian tribal government at the time of the alleged offenses, and that the Indian tribal government received federal benefits in excess of $10,000 in a one year period. These elements necessary to establish the offense under § 666(a)(1)(A) are missing from the elements of an offense under § 669. Additionally, elements necessary to prove the offense under § 669 are missing from the elements necessary to prove an offense under § 666(a)(1)(A). To convict the defendants of an offense under § 669, the government must prove that the funds converted/misapplied/embezzled belonged to a health care benefit program. This requires the government to establish both that the program from which the funds were taken provided a medical benefit or service to individuals under a "public plan or private contract," and that the program affected interstate commerce. See 18 U.S.C. § 24(b). These elements are necessary to prove an offense under § 669, and are missing from the elements of an offense under § 666(a)(1)(A). In this case, although the evidence will overlap, each offense requires proof of an element or fact that the other does not. Therefore, under *Blockburger*, the substantive offenses alleged in the Indictment are not multiplicitous. See e.g., *United States v. Wilkinson*, 124 F.3d 971, 975 (8th Cir. 1997)(concluding indictment was not multiplicitous where defendant was charged with both embezzlement of tribal funds and misapplication of tribal funds, even though overlapping evidence was presented to prove violations of each, because each charge required proof of at least one element that the others did not).

Finally, as set forth above, all of the elements necessary to prove the crime of conspiracy are missing from the elements necessary to prove the substantive offenses under § 666(a)(1)(A) or § 669. Moreover, it is well established that "[T]he commission of the substantive offense and a conspiracy to commit it are separate and distinct offenses." *Pinkerton v. United States*, 328 U.S. 640, 643 (1946). The conspiracy charges against the defendants are not multiplicitous with the substantive offenses, and need not be dismissed.

Webster-Valentino separately seeks dismissal of all but one aiding and abetting charge for conversion and misapplication of federal program funds, and all but one aiding and abetting

charge for misapplication of funds of a healthcare benefit program.[2] Webster-Valentino argues that because the charges in the Indictment clearly arise out of a single scheme, the rule of lenity does not permit the government to charge her with multiple counts of aiding and abetting. For the same reasons discussed above, the undersigned magistrate judge finds that the aiding and abetting counts against Webster-Valentino are not multiplicitous. However, even assuming the counts are multiplicitous, dismissal of the counts at this stage of the proceedings is not required. "Where there has been no prior conviction or acquittal, the Double Jeopardy Clause does not protect against simultaneous prosecutions for the same offense, so long as no more than one punishment is eventually imposed." *United States v. Josephberg*, 459 F.3d 350, 355 (2d Cir. 2006). The risk of multiple punishments for a single offense is the principal danger that the multiplicity doctrine addresses. See *United States v. Webber*, 255 F.3d 523, 527 (8th Cir. 2001). In a "rare case" the government may be required to "elect among or consolidate counts at trial," but it "does not justify dismissing well-pleaded counts in an indictment." *Id.* (citing *United States v. Ketchum*, 320 F.2d 3, 8 (2d Cir. 1963)). A multiplicitous indictment can be cured during the trial stage with an appropriate jury instruction, see *United States v. Roy*, 408 F.3d 484, 491 (8th Cir. 2005), or by merger of multiplicitous counts for sentencing, see *United States v. Platter*, 514 F.3d 782, 787 (8th Cir. 2008).

For the foregoing reasons, the undersigned magistrate judge finds the counts in the Indictment are not multiplicitous. Accordingly,

**IT IS HEREBY RECOMMENDED** to United States District Judge Robert F. Rossiter, Jr., that Defendants' Motions to Dismiss (Filing Nos. 157, 163, 168, 169, 175, 179, 182, 186, and 189) be denied.

Dated this 13th day of December, 2017.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge

---

[2] Although Freemont is also charged with aiding and abetting each of the other Defendants, she did not join in Webster-Valentino's argument or raise dismissal of the aiding and abetting counts in her motion.

**ADMONITION**

Pursuant to NECrimR 59.2, any party may object to a magistrate judge's findings and recommendation by filing a statement of objections within fourteen (14) days after being served with the findings and recommendation. The party must specify the parts of the findings and recommendation to which the party objects and the legal basis of the objections. Failure to timely object may constitute a waiver of any objection.