IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>  vs.<br><br>JESSICA WEBSTER-VALENTINO, BARBARA FREEMONT, AMEN SHERIDAN, RODNEY MORRIS, DORAN MORRIS, JR., FORREST ALDRICH, MITCHELL PARKER, TILLIE ALDRICH, and JEFF MILLER,<br><br>     Defendants. | **8:16CR277**<br><br>**ORDER** |

  This matter is before the Court on the Defendants' Motions to Sever (Filing Nos. 155, 159, 165, 167, 171, 172, 177, 181, and 184). A hearing was held on December 5, 2017. All Defendants were present with counsel as follows: Jessica Webster-Valentino ("Webster-Valentino"), represented by Matthew Munderloh; Barbara Freemont ("Freemont"), represented by Mallory Hughes; Amen Sheridan ("Sheridan"), represented by David Stickman; Rodney Morris ("Morris"), represented by Kenneth Jacobs; Doran Morris, Jr. ("Morris, Jr."), represented by Justin Eichmann; Forrest Aldrich ("F. Aldrich"), represented by William McGinn; Mitchell Parker ("Parker"), represented by Julie Frank; Tillie Aldrich ("T. Aldrich"), represented by Karen Vervaecke; and Jeff Miller ("Miller"), represented by Terry White. The government was represented by Doug Semisch.

  The Court has reviewed the Motions to Sever, Briefs in Support (Filing Nos. 156, 160, 166, 167-1, 173, 174, 178, and 185), the government's Brief in Opposition (Filing No. 198), and Sheridan's reply to the government's brief (Filing No. 200). In addition, the Court has reviewed the government's supplemental brief and exhibits submitted to chambers (with copies provided to counsel for each defendant) in accordance with the text order entered November 21, 2017. (Filing No. 202). At the hearing, the Court received into evidence under seal the government's Exhibits 1 through 12. A transcript (TR.) of the hearing was prepared and filed on December 10, 2017. (Filing No. 208). Upon consideration of the filings, the severance and redaction plan proposed by the government, and the arguments of counsel, the Court finds as follows:

## BACKGROUND

The background and facts alleged in the Indictment are set forth fully in the Findings and Recommendation on the Defendants' Motions to Dismiss for Lack of Subject Matter Jurisdiction (Filing No. 209).

Count I of the Indictment charges Webster-Valentino and Freemont with conspiracy to convert and misapply $5,000 or more from a program receiving federal funds in violation of 18 U.S.C. § 666(a)(1)(A) and § 371, and conspiracy to convert and misapply moneys of a health care benefit program in violation of 18 U.S.C. § 669 and § 371. The other seven defendants are charged in Count II with the same conspiracy as in Count I.

Counts III through XI charge each Defendant with one count of conversion and misapplication of federal program funds in violation of 18 U.S.C. § 666(a)(1)(A). Webster-Valentino and Freemont are additionally charged with aiding and abetting the misapplication and conversion for each other Defendant as described in Counts V through XI.

Counts XII through XX charge each Defendant with one count of misapplication of funds of a healthcare benefit program in violation of 18 U.S.C. § 669. Webster-Valentino and Freemont are additionally charged with aiding and abetting the misapplication and conversion of the healthcare funds for each other Defendant as described in Counts XIV through XX.

## ANALYSIS

Under Federal Rule of Criminal Procedure 8(b), an indictment may charge two or more defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). "There is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). The Eighth Circuit Court of Appeals recognizes that "'persons charged with conspiracy should generally be tried together.'" *United States v. Henley*, 766 F.3d 893, 915 (8th Cir. 2014)(quoting *United States v. Kindle*, 925 F.2d 272, 277 (8th Cir. 1991). "There is a strong presumption for a joint trial since it 'gives the jury the best perspective on all of the evidence and therefore increases the likelihood of a just outcome.'" *Id.* (quoting *United States v. Lewis*, 557 F.3d 601, 609 (8th Cir. 2009)). Nevertheless, Fed. R. Crim. P. 14(a) provides that "[i]f the joinder of offenses or defendants in

an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). "[W]hen defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. The defendant seeking severance carries a heavy burden and "must show 'real prejudice,' that is, 'something more than the mere fact that he would have had a better chance for acquittal had he been tried separately." *United States v. Mickelson*, 378 F.3d 810, 817 (8th Cir. 2004)) (quoting *United States v. Oakie*, 12 F.3d 1436, 1441 (8th Cir. 1993)).

Each defendant does not challenge joinder under Fed. R. Crim. P. 8(b), but instead argues that a joint trial would be prejudicial under Fed. R. Crim. P. 14, specifically due to the inability to confront or cross-examine any non-testifying co-defendant against whom a statement is offered which also implicates him or her. In *Bruton v. United States*, 391 U.S. 123 (1968), the United States Supreme Court held that a co-defendant's statement that facially incriminates a defendant violates the Confrontation Clause despite cautionary instructions. However, *Bruton* is inapplicable where a co-defendant's statement does not incriminate the defendant either on its face or "when linked with evidence introduced later at trial." *United States v. Gayekpar*, 678 F.3d 629, 637 (8th Cir. 2012) (citing *Richardson v. Marsh*, 481 U.S. 200, 208 (1987)). Thus, "[w]here a defendant's redacted confession does not refer directly to the codefendant himself, and becomes incriminating only in combination with other evidence, the Constitution permits the normal presumption that a jury will follow an instruction to disregard the confession when considering a verdict for the codefendant." *Gayekpar*, 678 F.3d at 637.

The government has agreed to a severance of the case into two separate trials. The first trial would include the seven defendants who were members of the Omaha Tribal Council: Sheridan, Morris, Morris, Jr., F. Aldrich, Parker, T. Aldrich, and Miller. The second trial would include Webster-Valentino and Freemont. The government proposes that this severance, but continued count grouping, takes into consideration the separate conspiracy counts in the Indictment, as Webster-Valentino and Freemont are charged in Count I with one conspiracy, while the remaining seven defendants are charged in Count II with a separate conspiracy. The government asserts that this severance "will also serve to eliminate *Bruton* concerns with respect

3

to a substantial amount of evidence while still maintaining a degree of judicial economy by having only a minimal number of trials concerning this matter." (Government's Supplemental Brief at pp. 1-2). The government also provided a proposed cautionary jury instruction.[1]

In compliance with the Court's text order dated November 21, 2017, the government provided the Court and defense counsel with all potential statements the government may offer at trial, with proposed redactions. In so doing, the government cited Supreme Court of the United States and Eighth Circuit Court of Appeals precedent, as well as to decisions from other circuits, in support of its redaction proposal. Essentially, the government points out that prejudice occurs only if a defendant's statement(s) directly accuses another co-defendant, *Bruton*, 391 U.S. at 123, and that redaction is an otherwise acceptable solution if additional evidence is needed to link the a co-defendant to the incriminating statement(s), and with a limiting instruction if there is no reference to his or her existence, *Richardson*, 481 U.S. at 208. Furthermore, substitution of pronouns may be appropriate. See *Gray v. Maryland*, 523 U.S. 185, 197 (1998). Hence, the Court must determine whether the statement(s) are (a) facially incriminatory, or (b) lead directly to a specific co-defendant. See *United States v. Edwards*, 159 F.3d 1117, 1125 (8th Cir. 1998). If so, redaction may be an appropriate alternative to severance unless the redacted statements implicate a co-defendant without the necessity of other evidence. See *United States v. Valdez*, 146 F.3d 547, 552 (8th Cir. 1998). In other words, do the statement(s), when viewed in isolation, implicate another defendant? See *United States v. Logan*, 210 F.3d 820, 822 (8th Cir. 2000). Given this backdrop, the Court must determine whether the proffered statements, as redacted, reference actual names or implicate another co-defendant without further evidence. The proffered redacted statements must appear natural in order to avoid the concern that a jury will understand that redaction has obviously taken place. See *United States v. Williams*, 429 F.3d 767, 774 (8th Cir. 2005).

The Court concludes that the government's proposed severance of this case into two trials, combined with the redacted statements and limiting instruction, are sufficient to avoid prejudice against each of the defendants, with some revisions: (1) no statement shall refer to a person's specific title, e.g., Miller would not be referred to as "Treasurer;" (2) no statement shall use a pronoun which would lead to only one potential person, e.g., using "she" or "her" to refer

---

[1] The proposed model jury instruction is set forth at page 18 of the government's supplemental brief. The district court judge will need to determine what, if any, jury instruction is necessary and proper at the time of trial.

4

to T. Aldrich; and (3) the statements of Webster-Valentino and Freemont shall not refer to their employment, but rather to "another person." Accordingly,

**IT IS ORDERED:**

1. Defendants' Motions to Sever (Filing Nos. 155, 159, 165, 167, 171, 172, 177, 181, and 184) are granted in part, and in part denied, as set forth above;

2. The trial of Defendants Jessica Webster-Valentino and Barbara Freemont shall be severed from the trial of the remaining defendants;

3. The government shall prepare an amended redaction plan in accordance with the court's ruling and provide it to the Court and counsel for each defendant at least fourteen days before the first scheduled trial;

4. The two trials will be scheduled by separate order; and

5. Any remaining severance requests by each of the defendants are denied.

Dated this 13th day of December, 2017.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge

**ADMONITION**

Pursuant to NECrimR 59.2, any party may object to a magistrate judge's order by filing a statement of objections within fourteen (14) days after being served with the order. The party must specify the parts of the order to which the party objects and the legal basis of the objections. Failure to timely object may constitute a waiver of any objection.